```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
LAWRENCE WATSON,                                             :
                                                             :
                                              Petitioner,    :
                                                             :
              -against-                                      :
                                                             :
SUPERINTENDENT OF FIVE POINTS                                :
CORRECTIONAL FACILITY,                                       :
                                                             :
                                              Respondent.    :
------------------------------------------------------------ X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/5/2019

18-CV-835 (VEC)

ORDER ADOPTING REPORT &
RECOMMENDATION

VALERIE CAPRONI, United States District Judge:

Petitioner Lawrence Watson, represented by counsel, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his convictions in New York State Supreme Court, New York County, for criminal possession of a weapon in the second degree and resisting arrest. Magistrate Judge Gabriel W. Gorenstein issued his Report and Recommendation ("R&R") on January 3, 2019, and Petitioner filed his objections to the R&R on January 17, 2019. For the following reasons, the R&R is ADOPTED. The petition for a writ of habeas corpus is DENIED. Petitioner's request for a stay pending exhaustion is DENIED.

## BACKGROUND

Because neither party objected to the R&R's recitation of the facts underlying Petitioner's convictions, the Court refers the reader to that recitation. *See* R&R at 1-13 [Dkt. No. 33]. The Court summarizes only the procedural history of this petition.

Petitioner filed his initial § 2254 petition on January 30, 2018. *See* Original Petition ("Orig. Pet.") [Dkt. No. 1]. On April 10, 2018, he filed an Amended Petition raising three grounds for relief: first, that the trial court violated his Sixth Amendment right to counsel of his choosing; second, that the trial court violated his Sixth Amendment right to confront and cross-

examine witnesses; and third, that his sentence was unconstitutionally excessive. *See* Amended Petition ("Amend. Pet.") at 3, 6-11 [Dkt. No. 8]. Respondent, the Superintendent of Five Points Correctional Facility at which Petitioner is confined, opposed the Amended Petition on August 17, 2018. *See* Respondent's Reply ("Res. Reply") [Dkt. No. 17].

Petitioner filed a reply affirmation on September 24, 2018, Petitioners Reply ("P. Reply") [Dkt. No. 26], requesting that his petition be stayed so that he could "bottom attack his claims to preserve and exhaust the matters in the state court." P. Reply at 4. Respondent opposed the stay [Dkt. No. 31], and Petitioner filed a surreply [Dkt. No. 32].

On January 3, 2019, Magistrate Judge Gorenstein recommended that this Court deny both Petitioner's habeas petition and his motion for a stay. *See* R&R [Dkt. No. 33]. Petitioner objected to the R&R on January 17, 2019. *See* Petitioner's Objection ("P. Obj.") [Dkt. No. 34]. On January 31, 2019, Respondent responded to those objections and raised no objections of his own. [Dkt. No. 35].

## DISCUSSION

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where a party has made specific, written objections to the R&R, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(2)-(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997) (citing 28 U.S.C. § 636(b)(1)). To warrant *de novo* review, however, the objections must be "specific and . . . address only those portions of the proposed findings to which the party objects." *Pineda v. Masonry Constr., Inc.*, 831 F. Supp. 2d 666, 671 (S.D.N.Y. 2011) (internal quotation marks and citation omitted). If "a party's

objections are conclusory or general, or simply reiterate original arguments, the district court reviews the [R&R] for clear error." *Id.*

   A. **Petitioner's Objections Regarding His Procedurally Defaulted Confrontation Clause Claim**

Petitioner's objections primarily concern the merits of his Sixth Amendment Confrontation Clause claim. *See* P. Obj. at 1-3 ¶¶ 2-7 [Dkt. No. 34]. The R&R recommended that this Court find that it is barred from reaching the merits of the claim because New York's "contemporaneous objection rule"—on which the New York Appellate Division relied in rejecting the claim on direct appeal, *see People v. Watson*, 40 N.Y.S.3d 398, 399 (App. Div. 2016)—is an independent and adequate state-law ground precluding federal habeas review. *See* R&R at 23-25 [Dkt. No. 33]. Petitioner did not object to that analysis, so it is subject to clear-error review. Even under *de novo* review, however, the Court agrees with the R&R that the Court is barred from reaching the merits of the Confrontation Clause claim because it was procedurally defaulted. *See* R&R at 17-18, 23 [Dkt. No. 33].

First, "[t]he Appellate Division's finding that [Petitioner] failed to preserve his Sixth Amendment claim for appellate review constitutes a state ground that is indisputably independent of" Petitioner's right to confront the witnesses against him. *Downs v. Lape*, 657 F.3d 97, 102 (2d Cir. 2011).

Second, New York's contemporaneous-objection rule, *see* N.Y. Crim. Proc. Law § 470.05, was an "adequate" ground on which the Appellate Division disposed of Petitioner's claim. *See Downs*, 657 F.3d at 102-04. Petitioner does not assert—and this Court has no reason to conclude—that the Appellate Division's reliance on the rule in Petitioner's case was an "'exorbitant' misapplication[] of state law that serve[d] no legitimate state interest," *id.* at 104-08 (quoting *Lee v. Kemna*, 534 U.S. 362, 376 (2002)). The Second Circuit has made clear that

absent indications "that the rule was misapplied in [a petitioner's] case in particular," courts within the Circuit "have observed and deferred to New York's consistent application of its contemporaneous objection rules." *Garcia v. Lewis*, 188 F.3d 71, 79 (2d Cir. 1999).

Therefore, the Appellate Division's disposition of Petitioner's Confrontation Clause argument "rest[ed] upon a state-law ground that is independent of the federal question and adequate to support the judgment." *Cone v. Bell*, 556 U.S. 449, 465 (2009) (internal quotation marks omitted). That forecloses federal habeas review of the claim on its merits. *Id.*

Petitioner asserts for the first time in his objections to the R&R that there was "cause and prejudice" excusing his procedural default and permitting consideration of the merits of his Confrontation Clause claim. *See* P. Obj. at 3 ¶¶ 10-12 [Dkt. No. 34]; *see also Dretke v. Haley*, 541 U.S. 386, 388 (2004) ("[A] federal court will not entertain a procedurally defaulted constitutional claim in a petition for habeas corpus absent a showing of cause and prejudice to excuse the default."). Specifically, Petitioner now contends that his trial counsel was ineffective in failing to object to the trial court's protective order regarding the scope of permissible cross-examination of K.R. and that this ineffectiveness "caused" his procedural default. *See* P. Obj. at 2-3 ¶¶ 6-7, 10-12 [Dkt. No. 34].

Petitioner is incorrect. Ineffective assistance of counsel cannot excuse a procedural default unless it has been exhausted in state court as a separate claim. *See Murray v. Carrier,* 447 U.S. 478, 488-89 (1986) ("[T]he exhaustion doctrine . . . generally requires that a claim of ineffective assistance be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default."); *see also Edwards v. Carpenter*, 529 U.S. 446, 451-53 (2000) ("[W]e held in *Carrier* that the principles of comity and federalism that underlie our longstanding exhaustion doctrine—then as now codified in the federal habeas statute, *see* 28

U.S.C. §§ 2254(b), (c)—require that constitutional claims, like others, to be first raised in state court."). Because in most cases the record on direct appeal does not permit review of trial counsel's effectiveness, New York courts generally require a criminal defendant to raise an ineffectiveness claim in a motion under Section 440.10 of the New York Criminal Procedure Law to collaterally attack the trial court's judgment. *See, e.g.*, *People v. Brown*, 382 N.E.2d 1149, 1149-50 (N.Y. 1978) ("[I]n the typical case it would be better, and in some cases essential, that an appellate attack on the effectiveness of counsel be bottomed on an evidentiary exploration by collateral or postconviction proceeding brought under CPL 440.10."); *People v. Gonzalez*, 983 N.Y.S.2d 554, 556-57 (App. Div. 2014) (collecting New York decisions holding that an ineffective assistance of counsel claim is "generally not reviewable on direct appeal" and that a Section 440.10 motion is generally necessary to pursue the claim). Thus, a habeas petitioner fails to exhaust an ineffective-assistance-of-counsel claim in New York state court if (1) the claim was unreviewable on direct appeal, and (2) the petitioner failed to file a motion under Section 440.10 asserting the claim. *See Green v. Keyser*, No. 15-CV-00932, 2017 WL 5125533, at *9-10 (S.D.N.Y. Nov. 1, 2017) ("When a claim for ineffective assistance requires the court to analyze matters outside of the record, New York courts have found that defendants must pursue their claim [through a Section 440.10 motion] . . . . If a defendant fails to file a § 440.10 motion, federal courts find the claim unexhausted for the purpose of habeas review."); *see also, e.g.*, *Otero v. Stinson*, 51 F. Supp. 2d 415, 419 (S.D.N.Y 1999).

In Petitioner's case, the Appellate Division held that "[t]o the extent that defendant is raising an ineffective assistance of counsel claim regarding counsel's acceptance of the court's compromise ruling" regarding the protective order, "that claim is unreviewable on direct appeal because it involves matters not reflected in, or fully explained by, the record." *Watson*, 40

N.Y.S.3d at 399.  Yet Petitioner never filed a Section 440.10 motion.  Thus, Petitioner failed to exhaust his ineffective-assistance claim, and it therefore cannot excuse the procedural default of his Confrontation Clause claim.[1]  As a result, the Court agrees with the R&R that Petitioner's Confrontation Clause claim is procedurally barred.

### B. Petitioner's Objections Regarding His Request for a Stay Pending Exhaustion of His Ineffective-Assistance Claims

Petitioner's objections reiterate general claims about his trial counsel's purported ineffectiveness.  *See* P. Obj. at 3 ¶¶ 8–9, 11 [Dkt. No. 34].  Petitioner does not, however, object to Judge Gorenstein's reasoning for recommending that Petitioner's request for a stay pending exhaustion of those claims be denied.  *See* R&R at 27-30 [Dkt. No. 33].  Petitioner is, therefore, entitled only to clear error review of this facet of the R&R; that said, the Court would agree with the R&R even if a *de novo* review were required.

First, the Amended Petition does not include the ineffective-assistance claims as to which Petitioner now wants a stay to exhaust, and Petitioner has made no motion to amend his petition.  *See* Amend. Pet. at 2 [Dkt. No. 8].  It would be illogical to stay this petition to allow Petitioner to exhaust claims that the petition does not even assert.  *See Simpson v. Yelich*, No. 18-CV-0417, 2018 WL 4153928, at *3 (N.D.N.Y. Aug. 30, 2018) ("Because petitioner's proposed claims are

---

[1]  In his objections, Petitioner also asserts that his trial counsel suffered from a "conflict and/or impediment" because he "depended on the court to sign his voucher for pay, and was appreciative the court appointed him."  P. Obj. at 3 ¶ 12 [Dkt. No. 34].  This is another twist on Petitioner's broader ineffective assistance of counsel claim.  It too was never presented in state court, is therefore unexhausted, and cannot excuse Petitioner's procedural default of his Confrontation Clause claim.  *See Edwards*, 529 U.S. at 451.

Petitioner also asserts that he is "innocent."  *See* P. Obj. at 1 ¶ 1(i) [Dkt. No. 34].  To the extent Petitioner means to suggest that his procedural default of his Confrontation Clause claim should be excused because "federal review of his claim[] is necessary to prevent a fundamental miscarriage of justice," *Coleman v. Thompson*, 501 U.S. 722, 757 (1991), he has not even attempted to make a factual showing of a "sufficient probability" that he is actually innocent, *Edwards*, 529 U.S. at 451.

not currently contained in his habeas petition, granting him a stay to exhaust those claims would serve little purpose.").

Second, even if Petitioner sought leave to amend his petition[2] to plead these ineffective-assistance claims, they could not properly be added to the petition at this point: 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations has already run, and Petitioner's new ineffective-assistance claims would not "relate back" to the current petition. *See Mayle v. Felix,* 545 U.S. 644, 650 (2005) ("An amended habeas petition, we hold, does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth."). Because the claims would not relate back, there would be no potentially meritorious claims requiring exhaustion. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

And third, even assuming *arguendo* that Petitioner's claims were properly added to his petition, Petitioner has not demonstrated good cause—either "reasonable confusion about whether a state filing would be timely," *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005), or an external factor that impeded exhaustion, *see Castro v. Lamanna*, No. 18-CV-3315, 2019 WL 293388, at *1 (S.D.N.Y. Jan. 22, 2019)—for having failed to present these ineffective assistance of counsel claims to the state courts. *See Rhines v. Weber,* 544 U.S. 269, 277 (2005) ("Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good

---

[2] Petitioner "concede[s] the only way to remedy this matter is by permitting Petitioner to amend the petition." P. Obj. at 3 ¶ 12 [Dkt. No. 34]. If Petitioner is seeking permission to amend his petition through his objection to the R&R, the request is denied because the amendment would be futile.

cause for the petitioner's failure to exhaust his claims first in state court."); *see also Carr v. Graham*, 27 F. Supp. 3d 363, 365 (W.D.N.Y. 2014) ("Petitioner has not attempted to explain why he failed to exhaust, at an earlier time, either the unexhausted claims originally raised in his habeas petition or the new claims he wishes to add to his petition. Thus, he has failed to demonstrate 'good cause' for failing to exhaust the claims."). A stay allowing Petitioner to exhaust the claims in state court would, therefore, be inappropriate.

For all of the preceding reasons, Petitioner's objections to the R&R are overruled.

### C. Petitioner's Request for an Evidentiary Hearing

In his objections, Petitioner requests an evidentiary hearing to ascertain facts "through Toi Stephens that will prove petitioner's innocence." *See* P. Obj. at 1 ¶ 1(iii) [Dkt. No. 34]. An evidentiary hearing is generally prohibited where—as here—a petitioner "failed to develop the factual basis of [his] claim in State court proceedings." 28 U.S.C. § 2254(e)(2). Petitioner identifies no "new rule of constitutional law, made retroactive . . . that was previously unavailable," *id*. § 2254(e)(2)(A)(i), or any "factual predicate that could not have been previously discovered through the exercise of due diligence," *id*. § 2254(e)(2)(A)(ii), on which his actual-innocence claim "relies." Petitioner's request for an evidentiary hearing must, therefore, be denied.

### D. Petitioner's Choice-of-Counsel Claim

Petitioner did not object to the portion of the R&R rejecting his Sixth Amendment choice-of-counsel claim. *See* R&R at 19-23 [Dkt. No. 33]. This Court therefore reviews that portion of the R&R for clear error.

Although the R&R appears to focus on whether the New York trial court erred in its application of the relevant U.S. Supreme Court precedent, *Wheat v. United States*, 486 U.S. 153

(1988), the last reasoned state-court decision on this claim, and thus the relevant one for purposes of this petition, *see Jones v. Murphy*, 694 F.3d 225, 238 n.5 (2d Cir. 2012), is the New York Court of Appeals's rejection of Petitioner's claim in *People v. Watson*, 46 N.E.3d 1057 (N.Y. 2016).  More precisely, the relevant decision is the Court of Appeals's holding that the New York trial court did not abuse its discretion in refusing to allow Petitioner to waive his attorney's conflict of interest and instead appointing new counsel.  *See Jones*, 694 F.3d at 238 n.5 ("We have previously discussed and deferred to both a state trial court's initial decision and an appellate court's affirmance thereof . . . .").[3]

The Court of Appeals did not contravene or unreasonably apply *Wheat*, 486 U.S. 153, the relevant U.S. Supreme Court precedent, when it affirmed the trial court's decision to disqualify Petitioner's first trial counsel.  *See Harrington v. Richter*, 562 U.S. 86, 101-02 (2011) ("A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision. . . . Evaluating whether a rule application was unreasonable requires considering the rule's specificity.  The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." (citations, internal quotation marks, and alterations omitted)); *see also Wheat*, 486 U.S. at 163 ("[T]he [trial] court must be allowed substantial latitude in refusing waivers of conflicts of interest . . . . In the circumstances of this case, with the motion for substitution of counsel made so close to the time of trial, the [trial] [c]ourt relied on instinct and judgment based on experience in making its decision.  We do not think it can be said that the court exceeded the broad latitude which must be accorded it in making this decision.").  Subject to the above

---

[3]  *See also Lewis v. Lewis*, 321 F.3d 824, 829 (9th Cir. 2003) ("In this case, the appellate court's decision is the last reasoned decision, and is thus the decision we must review.  Because that decision affirmed the trial court and adopted one of the reasons cited by the trial court, however, our analysis will necessarily include discussion of the trial court's decision as well.").

analysis, the Court adopts the R&R's recommendation that Petitioner's choice-of-counsel claim be rejected.

### E. Petitioner's Excessive-Sentence Claim

Petitioner raised no objections to the R&R's analysis of his excessive-sentence claim, so the Court reviews that analysis for clear error. The Court finds none. New York law required that Petitioner be sentenced to an indeterminate term of imprisonment with a minimum term between sixteen and twenty-five years of imprisonment and a maximum term of life imprisonment. *See* N.Y. Penal Law § 70.08(2), (3)(b). The New York trial court sentenced Petitioner to an indeterminate term of twenty years to life. *See* R&R at 10 [Dkt. No. 33]. Even without any deference to the Appellate Division's reasoning on this claim, "[n]o federal constitutional issue is presented where, as here, the sentence is within the range prescribed by state law." *White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992). The Court therefore agrees with the R&R that this claim should be rejected.

## CONCLUSION

For the foregoing reasons, the Court ADOPTS the R&R. The petition for a writ of habeas corpus is DENIED. Petitioner's request for a stay pending exhaustion is DENIED. And because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); *Matthews v. United States*, 682 F.3d 180, 185 (2d Cir. 2012).

The Clerk is respectfully directed to terminate all open motions and close the case.

**SO ORDERED.**

**Date: April 5, 2019**  **VALERIE CAPRONI**
**New York, New York**  **United States District Judge**